BRYSON v. CLOSE ET AL., EX'RS, ET AL.

1. **Equity:** MORTGAGE FORECLOSURE: SUBROGATION.   C. in his life time mortgaged certain lots, whereon was a flouring mill, to B., and afterwards conveyed the property to H. and the  plaintiff, they assuming the mortgage debt as a part of the purchase price.   Plaintiff then conveyed his interest  to H., who assumed  the  payment  of the whole  mortgage debt, and, in  turn, conveyed  an undivided one-third of the property to G., who assumed  one-third of the mortgage debt.  Meanwhile C. died, and afterwards, H. and G.  being about to remove the machinery from the mill, C's executors interfered; whereupon it was agreed that the machinery should be removed, and that G. should execute to the executors a mortgage for $1,000 upon his homestead, conditioned for the payment of the mortgage to B.   The mortgage to B. was afterwards foreclosed and the property sold, but not for enough to pay the mortgage debt.   H. and G. were insolvent, and plaintiff paid the balance of the mortgage debt, amounting to $1,500.   *Held* that the mortgage from G. to the executors was in equity for the benefit of all the parties who were liable for the payment of the mortgage to B., and who were interested in the preservation of the mortgaged property, and that plaintiff, having paid off the mortgage to B., was entitled to a foreclosure of the other mortgage for his own benefit.

*Appeal from Johnson  Circuit  Court.*

FRIDAY, DECEMBER 15.

ACTION in chancery to foreclose a mortgage.   Upon a trial on  the merits, plaintiff's petition was dismissed; he now appeals to this court.

*Henderson & Berry,* for appellant.

*S. H. Fairall* and *Geo. J. Boal,* for appellee.

BECK, J.—I. The facts of the case are as follows:

S. M. Close, the testator of two of the defendants, executed to Berryhill a mortgage upon certain lots, whereon a flouring mill was situated. Close in his life time sold and conveyed the property to one Hurst and plaintiff, Bryson, who assumed the payment of the mortgage as a part of the purchase price. Bryson conveyed his interest in the property to Hurst, who assumed the payment of the mortgage debt, and afterwards conveyed an undivided one-third of the property to Graham, he in a like manner undertaking to pay one-third of the sum due upon the mortgage.

Hurst and Graham were about to remove the machinery from the lots, and objection thereto was made by the executors of Close, who, in the meantime, had died. Thereupon it was arranged that Graham should execute a mortgage upon his homestead to the executors to secure them, in the sum of one thousand dollars, to be paid in case default should be made in the payment of the mortgage. Under this arrangement the machinery was removed and Graham and his wife, Caroline, executed the mortgage upon their homestead, the condition of which is in the following language: "To be void on condition that said Caroline Graham shall pay the full sum of one thousand dollars (above named consideration) to said grantee, M. T. Close, administrator, as aforesaid, upon the failure of the parties to perform their agreement under the conditions of the instrument quoted below.

"And it is hereby expressly agreed that Caroline Graham is only to become liable for the $1,000 in this mortgage first named as the consideration herein, upon the non-payment of the sums, or any of them, named in the mortgage herein in quotations. And it is further expressly agreed that in no event, in case of non-performance of the terms of said mortgage, shall she be liable for more than said sum of $1,000 aforesaid, if that amount should be delinquent in aforesaid quoted Close mortgage, and if delinquency actually occurs, then only in such amount as may be under the said sum of $1,000, if said delinquency is under the said $1,000."

Subsequently the lots were sold, pursuant to a decree of foreclosure rendered upon the Berryhill mortgage, but not for a sum sufficient to pay the mortgage debt. Hurst and Graham became and remain insolvent, and plaintiff paid the balance of the mortgage debt, amounting to fifteen hundred dollars, to Berryhill. The plaintiff in his petition asks that the mortgage be foreclosed, and that it be reformed so as to express the real agreement of the parties, which is alleged to be, that it shall operate as security for the payment of the Close mortgage by the parties who purchased the premises under the contract to pay the incumbrance.

II. The condition of the mortgage in suit is expressed in obscure language; but we think it may fairly be construed to mean that Graham shall pay $1,000, upon the default of the parties who are bound to pay the Close mortgage. Who these parties are is not disclosed in the mortgage. Undoubtedly they may be lawfully identified by proof in the action to enforce the mortgage. The foregoing statement of facts shows who are bound to pay the Close mortgage, and the order of their liability. As we construe the language of the mortgage, it may be enforced without reformation.

III. Defendants insist, and the court below held, that plaintiff cannot claim the benefit of the mortgage and cannot enforce it. Plaintiff's counsel maintain that, as Hurst and Graham were primarily liable for the mortgage debt, plaintiff and Close were then sureties, and that plaintiff will be subrogated to the security held by Close. We are hardly prepared to assent to this proposition and enforce the right of plaintiff under the doctrines of suretyship and subrogation. But we think that plaintiff is entitled to the benefit of the mortgage under the clearest equity, which we shall now state.

IV. Other facts ought now to be stated. The executors of Close, at the time the machinery was removed and the mortgage in suit was executed, were, in the language of a witness, "looking after the mortgage to Berryhill, and it is not shown that plaintiff had any knowledge of the removal

of the machinery or assented thereto. It may be here repeated that the executors objected to the removal of the property, and were induced to assent thereto by the execution of the mortgage in suit.

We have this state of facts: Plaintiff and the executors of Close were interested together in preserving the property covered by the Berryhill mortgage, the plaintiff being primarily liable for the debt. Through the assent of the executors, the machinery was removed, upon the execution of the mortgage in suit. Surely the law will hold that the executors in taking the mortgage acted honestly and fairly with the purpose of protecting the estate of Close and the plaintiff. It cannot be that the law would permit the executors, by intermeddling with the mortgage property, to destroy the security to which plaintiff looked for protection. Indeed, they ought to think themselves fortunate if, in so doing, they and the estate they represent do not become liable for the Berryhill debt and discharge plaintiff. Certainly it cannot be denied that, while permitting the destruction of security to which plaintiff looked for protection, they should be regarded as trustees, holding the mortgage which they took as a security in the place of machinery for the benefit of plaintiff. As such trustees the law will require them either to enforce that mortgage for plaintiff's benefit, or permit plaintiff to enforce it. The executors and the estate they represent can suffer nothing by securing to plaintiff the protection of the mortgage. Their resistance to the claim by plaintiff is anything but equitable. They are attempting to subject plaintiff to loss entailed upon him by their own act, without advantatage to themselves.

V. Graham is in no position to resist plaintiff's claim. By means of the mortgage he received the benefit of property which should have been preserved for plaintiff's protection. Why should he object to the enforcing of the mortgage? He surely could urge no objection to the executors enforcing it, had they paid the Berryhill debt. He is in no manner pre-

judiced by plaintiff paying the debt. And there is no more injustice or hardship in requiring him to respond to a suit by plaintiff than to a suit by the executors. The mortgage was by him intended to take the place of the machinery. It is not inequitable to require him to respond to the mortgage to the party who is entitled to the benefit of the security on the machinery.

VI. Reference is made by defendant's counsel to the fact that the property covered by the mortgage in suit is a homestead. The form of the instrument is sufficient, voluntarily executed upon a sufficient consideration, to encumber a homestead. It must be enforced.

The decree of the Circuit Court is reversed, and the cause is remanded for a decree in accordance with this opinion.

REVERSED.